## In re Anonymous No. 80 D.B. 94

Disciplinary Board Docket no. 80 D.B. 94.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GEORGE, *Member,* May 23, 1996—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On October 21, 1993, the Supreme Court of New Jersey suspended respondent, [    ], from the bar of that state for a period of six months. On February 3, 1994, the Supreme Court of Pennsylvania issued a Rule to Show Cause why reciprocal discipline should not be imposed on respondent in this Commonwealth pursuant to Rule 216(a) and (c)(4), Pa.R.D.E. Upon consideration of respondent's response, the court issued an order on August 16, 1994, referring this matter to the Disciplinary Board for the institution of formal proceedings.

A petition for discipline was filed against respondent on September 23, 1994. Respondent filed an answer on November 2, 1994. A hearing was held on March 23, 1995, before Hearing Committee [    ] comprised

of Chairperson [     ], Esquire, and Members [     ], Esquire, and [     ], Esquire. Respondent appeared pro se. Petitioner was represented by [     ], Esquire. The committee filed its report on January 17, 1996, and recommended a six-month suspension. Petitioner filed a brief on exceptions on January 31, 1996 and contends that a suspension for one to two years is appropriate. Respondent did not file a brief.

This matter was adjudicated by the board at the meeting held on March 7, 1996.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is situated at Union Trust Building, Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Pa.R.D.E. 207, with the power and duty to investigate all matters involving alleged misconduct of any attorney admitted to practice law in this Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement. (Pa.R.D.E. 207; D.B.R. §85.5.)

(2) Respondent, [     ], was born in 1961 and was admitted to practice law in the Commonwealth of Pennsylvania on or about November 21, 1989. His attorney registration address is [     ]. (Exhibit P-5.)

(3) Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court. (Pa.R.D.E. 201(a)(1).)

(4) By order of the Supreme Court of New Jersey dated October 21, 1993, respondent was suspended from the bar of that court for a period of six months. (Exhibit P-3.)

(5) Respondent was arrested on six occasions between 1978 and 1985, as follows:

(a) August 1978, in [    ], charged with driving under the influence of alcohol, which charge was dismissed and expunged (Exhibit P-3, pp. 1-2);

(b) 1980, in [    ], charged with unlawfully taking and defacing a [    ] police shirt, which charge was dismissed upon payment of court costs (Exhibit P-3, p. 2);

(c) 1980, in [    ], charged with driving while intoxicated, for which he was convicted, fined, and required to attend DWI classes (Exhibit P-3, p. 2);

(d) September 1982, in [    ] charged with driving while intoxicated, for which he was convicted, fined, and subjected to a one year loss of driving privileges (Exhibit P-3, p. 2);

(e) September 1983, in [    ], charged with DUI, which charge was dismissed (Exhibit P-3, p. 2); and

(f) 1985, in [    ], charged with reckless driving, which was dismissed. (Exhibit P-3, p. 2.)

(6) In April 1986, respondent applied for admission to the [    ] Law School of [    ] University, at which time he failed to disclose his arrests in response to an inquiry on the application. (Exhibit P-3, p. 2.)

(7) In 1987, after his first year of law school, respondent was charged with and convicted of disorderly conduct in [    ], for which he was fined. (Exhibit P-3, p. 2.)

(8) In February 1989, respondent applied for admission to the bar of the Commonwealth of Pennsylvania. (Exhibit P-3, p. 3.)

(9) Respondent answered "no" to the question on that application which asked whether he had ever been

arrested for any crime other than a summary motor vehicle violation. (Exhibit P-3, p. 3.)

(10) In March 1989, respondent submitted an application to the Committee on Character of the Supreme Court of New Jersey. (Exhibit P-3, p. 3.)

(11) In his certified response to specific inquiries on that application, respondent failed to disclose his arrest record, the suspension of his driving privileges, or the fact that he had applied to practice law in another jurisdiction. (Exhibit P-3, p. 3.)

(12) In December 1989, respondent was admitted to the bar of the State of New Jersey. (Exhibit P-3, p. 4.)

(13) In December 1989, respondent was admitted to the bar of the Commonwealth of Pennsylvania. (Exhibit P-3, p. 4.)

(14) In 1990, respondent filed a sworn application for admission to the bar of the State of Delaware. (Exhibit P-3, p. 4.)

(15) In that application, respondent again failed to disclose his arrests or violations of the law, notwithstanding specific requests for that information. (Exhibit P-3, p. 4.)

(16) In 1990, the Delaware Board of Bar Examiners became aware of the 1980 [    ] arrest. (Exhibit P-3, p. 4.)

(17) When confronted with this information, respondent replied that at the time of filling out the application, he had not recalled the arrest nor thought it was significant, and he apologized for his "misunderstanding and oversight." (Exhibit P-3, p. 4.)

(18) Despite notice of the concerns of the Delaware Bar relating to those issues, respondent failed to disclose his other arrests at that time, or take prompt action

to correct the errors and omissions in his New Jersey and Pennsylvania applications. (Exhibit P-3, p. 4.)

(19) Respondent was permitted to take the Delaware Bar examination, which he passed. (Exhibit P-3, p. 5.)

(20) In 1992, in considering respondent's request for certification of his qualification for admission, the Delaware Board of Bar Examiners learned of the 1983 DUI arrest in [    ]. (Exhibit P-3, p. 5.)

(21) Once again, confronted with this information, respondent apologized, contending that he had repressed the incident. (Exhibit P-3, p. 5.)

(22) Due to respondent's failure to disclose the 1982 and 1983 arrests, the Delaware board concluded that he had failed to produce evidence satisfying the requirements of good moral character essential to admission to the practice of law. (Exhibit P-3, p. 5.)

(23) In 1992, respondent requested a hearing in Delaware, at which time he finally disclosed to that board his remaining arrests and legal violations. (Exhibit P-3, p. 5.)

(24) In late March 1992, respondent revealed to the New Jersey Board of Bar Examiners his prior arrests and two other violations and apologized for not disclosing the information sooner. (Exhibit P-3, p. 6.)

(25) By letter dated March 24, 1992, respondent revealed to the Pennsylvania Board of Law Examiners his prior arrests and two other violations and apologized for not disclosing the information sooner. (Exhibit R-1.)

(26) At the Delaware hearing, respondent attributed his failure to disclose the information on his law school application and on three bar applications to embarrassment and shame. (Exhibit P-3, p. 6.)

(27) In April 1992, respondent was denied certification for admission to the Delaware Bar. (Exhibit P-3, p. 6.)

(28) The New Jersey Committee on Character rejected respondent's reasons for non-disclosure, as well as the opinion of a psychiatrist which he offered.

(29) By letter of December 2, 1993, petitioner forwarded the order of the New Jersey Supreme Court to the Supreme Court of Pennsylvania for consideration pursuant to Pa.R.D.E. 216. (Exhibit P-6.)

(30) By order of the Supreme Court dated February 3, 1994, respondent was directed to inform the court within 30 days of the notice of any claims that he had that the imposition of discipline in this Commonwealth pursuant to Rule 216(a) and (c)(4) Pa.R.D.E., would not be unwarranted and the reasons therefor.

(31) In consideration of respondent's response to that order, the Supreme Court entered an order dated August 16, 1994, referring the matter to the Disciplinary Board.

(32) In his 1994-1995 Pennsylvania attorney registration statement, respondent failed to correct an entry which showed that he was on active status as a member of the New Jersey Bar. (Exhibit P-5.)

(33) At the hearing, respondent expressed a great deal of remorse for his actions. (N.T. 58.)

(34) Respondent's life has stabilized in recent years, including his marriage, parenthood, and piloting career, and he has matured since the nine-year period during which he engaged in the conduct resulting in his arrests and convictions. (N.T. 58-59.)

38

(35) Respondent voluntarily suspended his practice of law pending each jurisdiction's decision on sanctions. (N.T. 61-62.)

(36) Respondent presented character testimony from an attorney at his former law firm in [   ] that he has a good reputation for honesty and integrity and he has the ability to become a good attorney. (N.T. 42-44.)

(37) Respondent does not have a prior record of discipline in Pennsylvania.

## III. CONCLUSIONS OF LAW

Pursuant to Pa.R.D.E. 216(d), a final adjudication in another jurisdiction shall establish conclusively the misconduct for purposes of a disciplinary proceeding in Pennsylvania.

## IV. DISCUSSION

This case was brought pursuant to Pa.R.D.E. 216, which governs situations wherein an attorney admitted to practice in Pennsylvania has been disciplined by suspension or disbarment in another jurisdiction. In such a situation a final adjudication in another jurisdiction that an attorney has engaged in misconduct conclusively establishes the misconduct for purposes of discipline in this Commonwealth. Pa.R.D.E. 216(d). The sole issue before the board at the present time is whether the imposition of reciprocal discipline for a six-month suspension, as imposed by the Supreme Court of New Jersey, is appropriate, and if not, the discipline to be imposed.

Respondent failed to disclose his involvement with the criminal justice system on his application to law school and his applications to the bars of three states. This failure to disclose information occurred not merely on one occasion, but on four separate occasions. Respondent perpetuated this deception by continuing to withhold the information despite at least two inquiries by a representative of the Delaware Bar. Although respondent ultimately disclosed all of his violations to the bars of each of the three states where he had applied for admission, this disclosure was not made until two of his arrests had been discovered by the Delaware Bar, and he had been denied certification for admission.

The substantive issue of dishonesty in bar admission proceedings has previously been addressed in this jurisdiction. These cases indicate that such misconduct requires the imposition of public discipline involving a period of suspension or even disbarment. In the most serious case, an attorney took the bar examination for his wife, who had previously failed it. The board recommended a three-year suspension; however, the Supreme Court imposed disbarment in recognition of the seriousness of the misconduct. *In re Anonymous No. 58 D.B. 82,* 27 D.&C.3d 471 (1983). An attorney who altered his multi-state bar examination score submitted to the New Jersey Bar was disbarred in New Jersey and received the same discipline in Pennsylvania in reciprocity. *In re Anonymous No. 41 D.B. 82,* 14 D.&C.4th 451 (1991). An attorney who falsified his grade point average to bolster his employment prospects, falsely claimed he was employed by a certain attorney and falsified 12 character reference letters, was suspended for three years. *In re Anonymous No. 92 D.B.*

*91,* 20 D.&C.4th 19 (1994). The misconduct in these cases is more egregious than the misconduct engaged in by respondent in the instant case, as the attorneys in the above cases engaged in impersonation or forgery.

There are four cases that are analogous to the instant case in that they involve failure to reveal prior criminal conduct on the bar application. These cases are all recent cases. In the case of *In re Anonymous No. 76 D.B. 91,* 20 D.&C.4th 385 (1994), an attorney was found to have a federal criminal record for deception and use of a false social security card. The attorney did not reveal her conviction on her law school or bar applications. At the disciplinary hearing, the attorney presented compelling mitigating evidence as to her background and her rehabilitation. The Supreme Court ordered a two-year suspension. An attorney who failed to reveal his convictions for shoplifting in his Pennsylvania, New Jersey and California Bar applications was suspended for three years. *In re Anonymous No. 7 D.B. 94,* 30 D.&C.4th 104 (1995). In the case of *In re Anonymous No. 8 D.B. 94,* 29 D.&C.4th 315 (1995), an attorney was charged with DUI and possession of a controlled substance, but the charges did not result in conviction. This attorney concealed her record on the Pennsylvania and New Jersey Bar applications. Only after realizing that she could not overcome this deception in New Jersey, did she disclose the facts to Pennsylvania. At her hearing she offered substantial mitigation in the form of participation in volunteer work. The board recommended a three-month suspension, but she was ultimately suspended for one year. In the case of *In re Anonymous No. 6 D.B. 94,* 33 D.&C.4th 512 (1996), an attorney was arrested for

sexual solicitation of a police officer; however, this charge was subsequently dismissed. He failed to reveal this arrest in his applications for admission to the bars of Pennsylvania and Florida. The attorney also failed to reveal that he used a false name relative to the arrest. The board found that the attorney demonstrated a high degree of resentment and belligerence to the Hearing Committee and did not appear to understand the seriousness of lying on his bar applications. The board recommended a nine-month suspension. The Supreme Court imposed a suspension of one year and one day. The instant case is very similar to the cited cases in that respondent purposefully failed to disclose his involvement with the criminal justice system.

The Hearing Committee recommended a six-month suspension, which is the same sanction that respondent received in New Jersey. After careful review of the record and the case law, the board is not convinced that such discipline is an adequate response to respondent's misconduct. In the cases cited above, which are very similar to the instant case, the sanctions ranged from one to three years. In the cases of *Nos. 76 D.B. 91* and *8 D.B. 94, Id.,* substantial mitigating evidence was presented that was found by the board to be very compelling. Despite this evidence, the attorneys received a two-year and one-year suspension, respectively. There does not appear to be precedent for recommending a six-month suspension in this case. Indeed, respondent's mitigating evidence was less impressive and persuasive than the mitigating evidence presented in some of the prior cases. Respondent testified that his marriage and children had changed him into a more responsible person. Respondent offered character testimony from

one witness. Respondent cooperated with the disciplinary process and imposed a suspension on himself during the pendency of his case. While the board appreciates the changes respondent has made, these facts are not compelling enough to outweigh respondent's deception, his failure to reveal his record when first confronted, and his delay in notifying other jurisdictions when he was reminded that his convictions were reportable. There are no facts in this case that support a recommendation of less than one year. One aggravating factor exists which must be examined. Petitioner presented evidence that when respondent filed his attorney registration statement for Pennsylvania he did not reveal that he had been suspended in New Jersey but stated that he was active. Petitioner argues that respondent has not demonstrated that he is rehabilitated. Based on the sum of this evidence, the board is persuaded that a suspension of one year and one day is appropriate. Respondent will have to engage in the reinstatement process and demonstrate his fitness if he desires to practice law in Pennsylvania.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [    ], shall be suspended from the practice of law from the Commonwealth of Pennsylvania for a period of one year and one day.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Carson did not participate in the March 7, 1996 adjudication.

## ORDER

And now, July 18, 1996, upon consideration of the report and recommendations of the Disciplinary Board dated May 23, 1996, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of two years, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.